JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

**I. (a) PLAINTIFFS**

Jose Jesus Garcia, an individual, and CARMEN GARCIA, an individual

**DEFENDANTS**

Wachovia Mortgage, FSB

**(b)** County of Residence of First Listed Plaintiff    Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
WEISS LLP
24405 Amador Street
Hayward, CA 94544
510.581.1857

Attorneys (If Known)
Reed Smith LLP
1999 Harrison Street, Ste. 2400
Oakland, CA 94612
510.763.2000

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sections 1332 and 1441

Brief description of cause:
Complaint for Unfair Competition, Fraud, Misrepresentation, other

**VII. REQUESTED IN COMPLAINT:**
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- **DEMAND $** 75,000+
- CHECK YES only if demanded in complaint:
- ☒ JURY DEMAND:  ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)
- ☒ SAN FRANCISCO/OAKLAND
- ☐ SAN JOSE

DATE    8-21-2008    SIGNATURE OF ATTORNEY OF RECORD    Keith D. Yandell

NDC-JS44

E-filing

1  Jack R. Nelson (SBN 111863)
   Theodore T. Ting (SBN 191163)
2  Keith D. Yandell (SBN 233146)
   REED SMITH LLP
3  1999 Harrison Street, Suite 2400
   Oakland, CA 94612-3572

4
   **Mailing Address:**
5  P.O. Box 2084
   Oakland, CA 94604-2084
6
   Telephone:    +1 510 763 2000
7  Facsimile:    +1 510 273 8832

8  Attorneys for Defendant Wachovia Mortgage, FSB

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
   JOSE JESUS GARCIA, an individual, and        Case No.  C08-04002
12 CARMEN GARCIA, an individual,
                                                Formerly Alameda Superior Court Case No.
13              Plaintiffs,                      HG08398971

14       vs.                                     **NOTICE OF REMOVAL**

15 WACHOVIA, entity unkown, and DOES 1
   through 20,
16
                Defendant.
17

18       PLEASE TAKE NOTICE THAT Defendant Wachovia Mortgage, FSB, formerly known as

19 World Savings Bank, FSB ("Wachovia") hereby removes the above-entitled civil action from the

20 Superior Court of California, County of Alameda, to the United States District Court for the

21 Northern District of California, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 1441, and

22 alleges that removal is proper for the following reasons:

23       1.      On July 16, 2008, plaintiffs Jose and Carmen Garcia ("Plaintiffs") filed the above-

24 entitled action in the Superior Court of the State of California, County of Alameda. Wachovia first

25 received notice of this action when it was served with a copy of the summons and complaint on July

26 24, 2008. A copy of the state Court's file in this matter, including the Complaint and summons, is

27 attached as Exhibit A. This notice is being filed within 30 days after service of the complaint and is

28 therefore timely under 28 U.S.C. Section 1446(b).

FILED
AUG 21 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

DOCSOAK-9915962.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

GO 44 SEC. N
NOTICE OF ASSIGNMENT TO MAGISTRATE JUDGE SENT

1    2.    Plaintiff is a citizen and resident of the State of California.

2    3.    Wachovia is, and at all relevant times was, a federal savings bank, operating under

3    the supervision of the Office of Thrift Supervision. For purposes of determining whether diversity

4    jurisdiction exists, a federal savings bank shall be considered to be a citizen only of the State in

5    which such savings bank has its home office. *See* Section 5 of the Home Owners' Loan Act [12

6    U.S.C. §1464(x)]. Wachovia is chartered in and has its home office in the State of Nevada.

7    4.    Complete diversity of citizenship exists in that Plaintiffs are citizens of California,

8    and defendant is a citizen of Nevada.

9    5.    Defendants Does 1 through 20, are defendants sued under fictitious names who have

10    not been served with the Summons and Complaint in this action. For purposes of this Notice of

11    Removal, the citizenship of such fictitiously-named defendants must be disregarded pursuant to 28

12    U.S.C. Section 1441(a).

13    6.    The action is a civil action of which this Court has original jurisdiction under 28

14    U.S.C. § 1332, and is one which may be removed to this Court by Wachovia pursuant to the

15    provisions of 28 U.S.C., §1441(b) in that it is a civil action between citizens of different states and

16    the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. The

17    Complaint seeks rescission of one or more of Plaintiffs' loans with Wachovia and unspecified

18    amounts in compensatory and general damages, special damages, restitution and disgorgement and

19    attorneys' fees (Complaint at page 10, lines 3-10). *See, e.g., White v. FCI USA, Inc.,* 319 F.3d 672,

20    674 (5th Cir. 2003) (totality of wrongful termination plaintiffs' claims for special and general

21    damages, punitive damages and attorneys fees combined to make "facially apparent" that amount in

22    controversy exceeded $75,000 even though complaint did not specify such). *See also, Matheson v.*

23    *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (Where it is not evident from the

24    clear allegations of the complaint that more than $75,000 is in controversy, the court may still

25    consider "facts presented in the removal petition as well as any summary-judgment-type evidence

26    relevant to the amount in controversy at the time of removal."). Thus, it is facially apparent that the

27    combination of these amounts exceeds $75,000.

28    7.    Attached as Exhibit A to the accompanying Declaration of Sharon Manson ("Manson

DOCSOAK-9915962.1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Decl.") is a true and correct copy of three Notes evidencing Wachovia loans Plaintiffs hold. The

2    balances on Plaintiffs' loans are $490,500.53, $337,428.03 and $295,170.10, respectively. Should

3    Plaintiffs prevail in their attempt to rescind these loans, Wachovia would lose over $1,000,000,

4    $740,000 and $650,000, respectively, in interest payments over the lives of the loans. *See* Manson

5    Decl. at ¶ 4. Moreover, should Plaintiffs succeed in rescinding these loans, Wachovia would be

6    forced to refund over $40,826.95, $28,742.02 and $25,637.71 (respectively) in interest [*Id.* at ¶ 2]

7    and $5,748, $6,733 and $5,593 (respectively) in loan related fees [*Id.* at ¶3].

8        8.      The jurisdictional minimum may also be satisfied by claims for extra-contractual

9    damages, special and general damages, attorneys' fees and punitive damages. See, *Gibson v.*

10   *Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Simmons v. PCR Technology,* 209 F. Supp. 2d

11   1029, 1031 (N.D. Cal. 2002). These amounts, alone, demonstrate that the amount in controversy is

12   greater than $75,000.

13       9.      To establish the amount of punitive damages in controversy, a defendant may

14   introduce evidence of jury verdicts in cases involving analogous facts. *See Simmons*, 209 F. Supp. 2d

15   at 1033. Punitive damages in this case could by themselves exceed the sum of $75,000 if plaintiff

16   were able to plead and prove World engaged in fraud (which World expressly contends Plaintiffs

17   will be unable to do). *See, e.g., Griffith v. Barnes*, 2008 U.S. Dist. LEXIS 45058 (D.C. Cir. June 11,

18   2008) (awarding plaintiffs $100,000 in punitive damages based on defendant's predatory lending

19   tactics including misrepresentation of material facts).

20       10.     The civil action is therefore removed to this District Court on the basis of diversity

21   jurisdiction under the provisions of 28 U.S.C. sections 1332, 1441 and 1446.

22       11.     A Notice of Filing Removal is concurrently being filed with the Superior Court for

23   the State of California, County of Alameda, and being served on plaintiff.

24

25   DATED: August 21, 2008.              REED SMITH LLP

26

27                                       By _____
                                         Keith D. Yandell
28                                       Attorneys for Defendant Wachovia Mortgage, FSB

( *Hle Goldberg*

**SUM-100**

# SUMMONS
## (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WACHOVIA, entity unknown, and DOES 1 through 20      JUL 2 4 2008

LEGAL DIVISION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSE JESUS GARCIA, an Individual, and CARMEN GARCIA, an Individual

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

## FILED BY FAX
## ALAMEDA COUNTY

### July 16, 2008

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**RG08398371**

Alameda County Superior Court
24405 Amador Street
Hayward, CA 94544

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Mogeeb Weiss, Esq.
WEISS LLP
799 Fletcher Lane Suite 202, Hayward, CA 94544

| DATE: July 16, 2008 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**Legal Division**

JUL 28 2008
TX1621

NOTICE TO THE PERSON SERVED: You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use

Code of Civil Procedure §§ 412.20, 465

1  MOGEEB WEISS (SBN 236087)
   WEISS LLP
2  799 Fletcher Lane Suite 202
   Hayward, CA 94544
3  Telephone: (510) 581-1857
   Facsimile: (510) 581-4892
4  mweiss@wslawgroup.com

5  Attorneys for Plaintiffs
   JOSE JESUS GARCIA & CARMEN GARCIA
6

**FILED BY FAX**
**ALAMEDA COUNTY**

**July 16, 2008**

**CLERK OF
THE SUPERIOR COUR
By Rosanne Case, Depu**

7
8
9
10   SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                    COUNTY OF ALAMEDA

**CASE NUMBER:
HG08398371**

12
13
14  JOSE JESUS GARCIA, an individual, and      ) Case No.:
    CARMEN GARCIA, an individual               )
15                                             ) **COMPLAINT FOR VIOLATION OF**
                   Plaintiffs,                 ) **BUSINESS & PROFESSIONS CODE**
16         vs.                                 ) **SECTION 17500, VIOLATIONS OF**
                                               ) **BUSINESS AND PROFESSIONS CODE**
17  WACHOVIA, entity unknown, and DOES 1       ) **SECTION 17200 (UNFAIR**
    through 20                                 ) **COMPETITION), FRAUD -**
18                                             ) **INTENTIONAL**
                   Defendant.                  ) **MISREPRESENTATION,**
19                                             ) **CONCEALMENT, PROMISSORY**
                                               ) **FRAUD, VIOLATION OF CIVIL**
20                                             ) **CODE 1632, RESCISSION**
                                               )
21

22         Plaintiffs, JOSE JESUS GARCIA & CARMEN GARCIA (Hereinafter

23  "Plaintiffs") allege the following, on information and belief:

24         1.    Defendant WACHOVIA is the successor in interest to WORLD

25  SAVINGS, the entity that offered the loan to Plaintiffs. Wachovia's entity is unknown but it has

26  transacted and continues to transact business throughout the State of California, including in

27  Alameda County.

28

WEISS LLP
799 Fletcher
Lane Suite 202  Page 1 of 10    COMPLAINT
Hayward, CA
94544

1          2.    Plaintiffs do not know the true names and capacities of the Defendants

2    sued herein as Does 1-20, inclusive, and therefore Plaintiffs sue said Defendants by the foregoing

3    fictitious names. When the true names and capacities of these Defendants become known,

4    Plaintiffs will amend this Complaint to include such true names and capacities and, if necessary,

5    will seek leave to amend to add additional charging allegations against them.

6          3.    Whenever reference is made in this Complaint to any act of any

7    defendant(s), that allegation shall mean that each defendant acted individually and jointly with

8    the other defendants.

9          4.    Any allegation about acts of any corporate or other business defendant

10   means that the corporation or other business did the acts alleged through its officers, directors,

11   employees, agents and/or representative while they were acting within the actual or ostensible

12   scope of their authority.

13         5.    At all relevant times, each defendant committed the acts, caused or

14   directed others to commit the acts, or permitted others to commit the acts alleged in this

15   Complaint. Additionally, some or all of the defendants acted as the agent of the other defendants,

16   and all of the defendants acted within the scope of their agency if acting as an agent of another.

17         6.    At all relevant times, each defendant knew or realized that the other

18   defendants were engaging in or planned to engage in the violations of law alleged in this

19   Complaint. Knowing or realizing that other defendants were engaging in or planning to engage in

20   unlawful conduct, each defendant nevertheless facilitated the commission of those unlawful acts.

21   Each defendant intended to and did encourage, facilitate, or assist in the commission of unlawful

22   acts, and thereby aided and abetted the other defendants n the unlawful conduct.

23         7.    At all relevant times, Defendants have engaged in a conspiracy, common

24   enterprise, and common course of conduct, the purpose of which is and was to engage in the

25   violations of law alleged in this Complaint.

26                    **DEFENDANT'S BUSINESS ACTS AND PRACTICE**

27         8.    The mortgage market changed in recent years from one in which lenders

28   originated mortgages for retention in their own portfolios to one in which lenders attempted to

WEISS LLP
799 Fletcher
Lane Suite 202   Page 2 of 10    COMPLAINT
Hayward, CA
94544

1 | generate as many loans as possible for resale on the secondary mortgage market. The goal for
2 | lenders such as World Savings, the predecessor to Wachovia, was not only to originate high
3 | mortgage loan volumes but also to originate loans with above-market interest rates and other
4 | terms which would attract premium prices on the secondary market.

5 |       9.    World Savings offered a variety of loan products that were both
6 | financially risky and difficult for borrowers to understand, including in particular payment option
7 | and adjustable rate mortgages.

8 |       10.    The Payment Option Adjustable Rate Mortgage (hereinafter "ARM") is
9 | complicated mortgage product which entices consumers by offering a very low "teaser" rate -
10 | often as low as 1% for an introductory period of one or three months. At the end of introductory
11 | period, the interest rate increases dramatically.

12 |       11.    When the teaser rate on an ARM expires, the loan immediately becomes
13 | an adjustable rate loan. Unlike most adjustable rate loans, where the rate can only change once
14 | every year or six months, the interest rate on ARM can change every month (if there is a change
15 | in the index used to compute the rate.)

16 |       12.    A borrower with an ARM mortgage has the option of making monthly
17 | payments as though the interest rate had not changed. Defendant offered ARM mortgagors four
18 | payment options. The first option is a minimum payment that is based on the introductory
19 | interest rate. Defendant marketed the minimum payment as the "payment rate" to deceive
20 | borrowers including Plaintiffs.

21 |       13.    However, the minimum payment on an ARM is less than the interest
22 | accruing on the loan. The unpaid interest is added to the principal amount of the loan, resulting in
23 | negative amortization. The minimum payment remains the same for one year and then increases
24 | by certain percentage every year for several years, and then the payment will be "recast" to be
25 | fully amortizing causing a substantial jump in the payment amount often called payment shock.

26 |       14.    However, the loan balance on an ARM also has a negative amortization
27 | cap, in the case of Plaintiffs 125% of the original principal of the loan. If the balance hits the
28 | cap, the monthly payment is immediately raised to the fully amortizing level (i.e., all payments

1    after the date the cap is reached must be sufficient to pay off the new balance over the remaining
2    life of the loan). When that happens, the borrower experiences significant payment shock.
3    Plaintiffs are very likely to hit the negative amortization cap and suffer payment shock well
4    before the standard 7 year recast date.

5              15.    Instead of making the minimum payment, Plaintiffs have the option of
6    making an interest-only payment for five years. Plaintiffs then experience payment shock when
7    the payment recasts to cover both principal and interest for the remaining term of the loan.
8    Alternatively, Plaintiffs can choose to make a fully amortizing principal and interest payment
9    based on either a 15-year or a 30-year term.

10             16.    Even if Plaintiffs elect to make interest-only payment, they still will
11    experience payment shock. Again assuming the interest rate stays constant at 7.995% over the
12    life of the loan, Plaintiffs initial payments would be approximately $1,229.87 to $2,040.41 for
13    eight years. Thereafter, the payment will increase to approximately $3,328.40 per month, an
14    increase of over 50%.

15             17.    When Plaintiffs obtained an ARM from defendant, the only initial
16    monthly payment amount that appeared anywhere in their loan documents was the minimum
17    payment amount. In other words, documents provided to Plaintiffs assumed they would make
18    only the minimum payment. Thus, Plaintiffs would not know the monthly payment necessary to
19    make a payment that would, for example, cover accruing interest, until they received the first
20    statement after the expiration of the teaser rate, well after all loan documents were signed.

21             18.    Defendant and the brokers it accepted as its "business partners" or agent
22    misrepresented or obfuscated the true terms of ARM offered by Defendant, including but not
23    limited to misrepresenting or obfuscating the amount of time that the interest rate would be fixed
24    for the loan, misrepresenting or obfuscating the risk of negative amortization and the fact that the
25    payment rate was not the interest rate, and misrepresenting or obfuscating that the minimum
26    payment would not apply for the life of the loan.

27             19.    Defendant and its business partner brokers also misrepresented or
28    obfuscated how difficult it might be for Plaintiffs to refinance an ARM loan. In fact, after making

1  only the minimum payment, because of negative amortization Plaintiffs are likely would not be
2  able to refinance an ARM loan unless the home serving as security for the mortgage had
3  increased in value. Given the current market conditions, it is unlikely that will happen.

4          20.    Defendant and its business partner brokers misrepresented or
5  obfuscated the fact that this ARM included a prepayment penalty and failed to explain the effect
6  that making only the minimum payment would have on the amount of the prepayment penalty. If
7  Plaintiffs seek to refinance after having made the minimum payment for an extended period, but
8  while a prepayment penalty is still in effect, the negative amortization can cause the amount of
9  the prepayment penalty to increase. Prepayment penalties typically equal six months worth of
10  accrued interest. As negative amortization causes the loan principal to increase, it also causes an
11  increase in the amount of interest that accrues each month, thereby increasing the prepayment
12  penalty.

13          21.    Defendant and its business partner brokers also represented that the
14  prepayment penalty could be waived if Plaintiffs refinanced with Defendant. However,
15  Defendant sells most of the loans it originates, and it has at most limited authority to waive
16  prepayment penalties on loans it does not own, even when it controls the servicing (and is often
17  required to pay the prepayment penalties on loans it does not own in the instances where it is not
18  able to collect the penalty from the Plaintiffs.)

19          22.    Because ARM start with lower monthly payments and interest rates than
20  most other types of loan products, and given their complex nature, Defendant was able to easily
21  sell such loans to Plaintiffs by focusing on the initial low monthly payments and/or rates and by
22  obscuring or misrepresenting the true risks of such loan.

23          23.    Defendant sold to the Plaintiffs the minimum payment. Defendant
24  achieved this by showing Plaintiffs the minimum monthly payments for the ARM in comparison
25  to other loan products with larger payments. Naturally, in this situation, Plaintiffs chose the
26  option with the lowest payment, the ARM, without realizing that the payment would last for only
27  a short time before it would begin to increase. Given the complexity of ARM, such a presentation
28  easily misled Plaintiffs regarding the long-term afford-ability of their loans.

1          24.    Plaintiffs were subjected to the deceptive marketing practices of defendant

2    and would not understand the true risks and likely unaffordability of their ARM. Plaintiffs did

3    not read their loan documents and disclosures before signing because it was all in English and

4    Plaintiffs only speak Spanish. Defendant made Plaintiffs sign a large stack of documents without

5    providing the Plaintiffs with time to read them or provide Spanish translation. Given the

6    complexity of ARM, Plaintiffs did not understand the terms of the loans they were being sold.

7          25.    As a result, Plaintiffs obtained ARM mortgage and did not understand that

8    their initial monthly payment would at some point "explode," that their initial interest rate would

9    increase and become adjustable, or that the principal amount of their loans could actually

10   increase.

11                    **FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
                 **VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17500**

12         26.    Plaintiffs hereby restate and incorporate by reference Paragraph 1 through

13   25, above, as though fully set forth herein.

14         27.    Defendants have violated and continue to violate Business and Professions

15   Code section 17500 by making or disseminating untrue or misleading statements, or by causing

16   untrue or misleading statements to be made or disseminated, in or from California, with the

17   intent to induce members of the public to enter into mortgage loan or home equity line of credit

18   transactions secured by their primary residences. These untrue and misleading statements include

19   but are not necessarily limited to:

20                 a.    Statements regarding the terms and payment obligations of ARM

21   offered by defendant, including statements that the initial payment rate was the interest rate,

22   statements regarding the duration of the initial payment, statements regarding the duration of the

23   initial interest rate, and statements obfuscating the risks associated with such mortgage loans, as

24   described fully under the **Defendant's Business Acts and Practice,** above.

25                 b.    Statements that Plaintiffs with ARM mortgages offered by

26   defendants would be able to refinance the mortgage loans before the interest rates reset, when in

27   fact they most likely could not, as described fully under the **Defendant's Business Acts and**

28

1    **Practice,** above.

2              c.      Statements regarding prepayment penalties on ARM offered

3    by Defendant, including statement that prepayment penalties could be waived, when in fact they

4    could not, as described fully under the **Defendant's Business Acts and Practice,** above.

5         28.      Defendants knew, or by the exercise of reasonable care should have

6    known, that these statements were untrue or misleading at the time they were made.

7    <u>SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS VIOLATIONS OF</u>
     <u>BUSINESS AND PROFESSIONS CODE SECTION 17200 (UNFAIR COMPETITION)</u>

8

9         29.      Plaintiffs hereby restate and incorporate by reference Paragraph 1 through

10   28, above, as though fully set forth herein.

11        30.      Defendants have engaged in acts or practices  that constitute unfair

12   competition, as that term is defined in Section 17200 of the Business and Professions Code. Such

     acts or practices include, but are not limited to, the following:

13

14            a.      Making untrue or misleading representations regarding the terms

15   and payment obligations of ARM, including representations regarding the payment rate, the

16   duration of initial interest rates, the duration of initial monthly payments, the inclusion of

17   prepayment penalties, the waivability of prepayment penalties, the payment shock that borrowers

18   were likely to experience, and the risks associated with such mortgage loans, as described fully

     under the **Defendant's Business Acts and Practice,** above.

19

20            <u>THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS FRAUD</u>

     **A.    <u>Intentional Misrepresentation</u>**

21

22        31.      Plaintiffs hereby restate and incorporate by reference Paragraph 1 through

23   30, above, as though fully set forth herein.

24        32.      Defendants, and each of them, without limitation, told Plaintiffs that their

25   payments for the first five years will remain the same, that Plaintiffs can refinance the loan with

26   Defendants and waive the prepayment penalty, that interest rate on the loan shall remain the same

     through the life of the loan.

27

28        33.      Defendants, and each of them, knew that their representations were false

1   in that the interest rate was not going to remain the same through the life of the loan, the

2   minimum payment was not the interest rate and can render the loan unaffordable.

3             34.     Plaintiffs were harmed in that they acted in reliance on Defendants

4   representations.

5             35.     As a further result of Defendants' fraud, Plaintiffs were damaged

6   in a sum within the jurisdiction of the unlimited division of this Court, said sum to be proven at

7   trial. Plaintiffs suffered general and special damages in an amount according to proof at the trial

8   of this matter.

9   **B.      Concealment**

10            36.     Plaintiffs hereby restates and incorporates by reference Paragraph 1

11  through 35, above, as though fully set forth herein.

12            37.     Defendants, and each of them, failed to disclose and concealed important

13  facts from Plaintiffs, inclusive of the fact that the minimum payment does not remain the same

14  for five years, that the minimum payment is not the interest rate, and that the interest rate does

15  not remain the same through the life of the loan but actually changes.

16            38.     Plaintiffs did not know of the concealed facts and reasonably relied on

17  Defendants' deception. Defendants, and each of them, intended to conceal facts from Plaintiffs.

18            39.     Plaintiffs were harmed and the concealment was a substantial factor in

19  causing the harm. As a result of Defendants' fraud, Plaintiffs were damaged in a sum within the

20  jurisdiction of this Court, said sum to be proven at trial. Plaintiffs suffered general and special

21  damages in an amount according to proof at the trial of this matter.

22  **C.      Promissory Fraud**

23            40.     Plaintiffs hereby restates and incorporates by reference Paragraph 1

24  through 39, above, as though fully set forth herein.

25            41.     By the acts described herein, Defendants, and each of them, made

26  promises to Plaintiffs without any intention of performing thereon and with knowledge of the

27  falsity. These promises included, without limitation, that the loan can be refinanced, that the

28  prepayment penalty can be waived, that the interest rate remains the same through the life of the

1 | loan, and that minimum payment is the payment.

2 |           42.    As a result of Defendants fraud, Plaintiffs were damaged in a sum within

3 | the jurisdiction of this Court, said sum to be proven at trial. Plaintiffs suffered general and special

4 | damages in an amount according to proof at the trial of this matter.

### FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS VIOLATION OF CALIFORNIA CIVIL CODE 1632

7 |           43.    Plaintiffs hereby restates and incorporates by reference Paragraph 1

8 | through 42, above, as though fully set forth herein.

9 |           44.    California Civil Code, Section 1632, requires that any person engaged in a

10 | trade or business who negotiates primarily in the Spanish language, orally or in writing, is

11 | required to provide an unexecuted Spanish-language contract or agreement, or a

12 | Spanish-language translation of the disclosures.

13 |           45.    Plaintiffs only speak Spanish and all the negotiations were conducted in

14 | Spanish. Defendants were required by Section 1632 to provide unexecuted Spanish-language

15 | contracts.

16 |           46.    Defendants breached their obligations under the Code by failing to

17 | provide Plaintiffs with the unexecuted Spanish-language contracts and/or disclosures at the time

18 | of the refinance.

19 |           47.    As a result of Defendants violation of the Civil Code, Plaintiffs were

20 | damaged in a sum within the jurisdiction of this Court, said sum to be proven at trial. Plaintiffs

21 | suffered general and special damages in an amount according to proof at the trial of this matter.

22 | ### FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS RESCISSION OF LOAN AGREEMENT

23 |          48.    Plaintiffs hereby restates and incorporates by reference Paragraph 1

24 | through 48, above, as though fully set forth herein.

25 |          49.    Because of violation of Civil Code Section 1632, Plaintiffs are entitled to

26 | rescission of the loan agreement. All loan documents were in English and no Spanish translation

27 | of the documents were provided.

28 |

WEISS LLP
799 Fletcher
Lane Suite 202
Hayward, CA
94544

Page 9 of 10    COMPLAINT

1    **PRAYER**

2    **WHEREFORE,** Plaintiffs pray for judgment as follows:

3    1.    For compensatory and general damages, according to proof;

4    2.    For special damages, according to proof;

5    3.    For Punitive damages in an amount appropriate to punish Defendants and deter

6    others from engaging in similar misconduct;

7    4.    For restitution and disgorgement, according to proof;

8    5.    For prejudgment interest at the maximum legal rate;

9    6.    For costs of the proceedings herein;

10    7.    For reasonable attorneys fees; and

11    8.    For rescission of the loan agreement

12    8.    For all such other and further relief as the Court deems just

13

14    Dated this 2 day of July, 2008                    WEISS LLP

15

16

17

18    MOGEEB WEISS Attorneys for
      Plaintiffs JOSE JESUS GARCIA &
      CARMEN GARCIA

19

20

21

22

23

24

25

26

27

28

## *Superior Court of California, County of Alameda*



## *Notice of Judicial Assignment for All Purposes*

Case Number: HG08398371
Case Title:    Garcia VS Wachovia, entity unknown
Date of Filing: 07/16/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| Judge: | Ronni MacLaren |
| Department: | 301 |
| Address: | George E. McDonald Hall of Justice |
| | 2233 Shoreline Drive |
| | Alameda CA 94501 |
| Phone Number: | (510) 263-4301 |
| Fax Number: | (510) 267-5713 |
| Email Address: | Dept.301@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Ronni MacLaren
DEPARTMENT 301

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

Self-represented litigants must also compy with the rules cited above. All references to "counsel" in this Order apply equally to self-represented litigants. The Court maintains a Self-Help Center at the Wiley W. Manuel Courthouse, 2nd Floor, 661 Washington St., Oakland.

Please submit a courtesy copy of all filed documents directly to Dept. 301.

### Schedule for Department 301

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays and Wednesdays 9:30 a.m. to 4:30 p.m.; Tuesdays and Thursdays at 10:30 a.m. to 4:30 p.m. Trial readiness: Fridays at 9:00 a.m. A pretrial conference may be set two to three weeks before the trial.

- Case Management Conferences are held: Mondays through Thursdays at 9:00 a.m. Timely filed and complete case management statements may eliminate the need for an in-person conference by allowing the Court to issue a Tentative Case Management Order.

- Law and Motion matters are heard: Tuesdays and Fridays at 9:00 a.m.

- Settlement Conferences are heard: Fridays at 1:30 p.m. and such other times as may be available.

- Ex Parte matters are heard: Tuesdays and Fridays at 9:00 a.m. Counsel must compy with Local Rule 4.14

- (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724). (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:      Dept.301@alameda.courts.ca.gov
    Phone:     (510) 263-4301

The Court prefers that reservations for the Law and Motion calendar be made by email. Limited hearings are available for summary judgments, preliminary injunction and other time intensive motions.

• Ex Parte Matters
  Email:     Dept.301@alameda.courts.ca.gov
  Phone:     (510) 263-4301

  The Court prefers that reservations for the Ex Parte calendar be made by email.

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

• Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 301

• Phone: 1-866-223-2244

Dated:  07/17/2008                    Executive Officer / Clerk of the Superior Court

                                By    _Jam a. Hofeler_
                                      Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/18/2008

                                By    _Jam a. Hofeler_
                                      Deputy Clerk

Page 3 of 3



┌ Weiss & Shefayee LLP ┐     ┌                                              ┐
  Attn: Weiss, Mogeeb
  799 Fletcher Lane
  Ste. 202
└ Hayward, CA  94544 ┘        └                                              ┘

## Superior Court of California, County of Alameda

| Garcia | No. HG08398371 |
|---|---|
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Wachovia, entity unknown | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date:  12/01/2008<br>Time:  09:00 AM | Department: 301<br>Location: **George E. McDonald Hall of Justice**<br>**First Floor**<br>**2233 Shoreline Drive, Alameda  CA  94501**<br>Internet: **http://www.alameda.courts.ca.gov** | Judge:  **Ronni MacLaren**<br>Clerk:  **Irene Crowell**<br>Clerk telephone:  **(510) 263-4301**<br>E-mail:<br>**Dept.301@alameda.courts.ca.gov**<br>Fax:  **(510) 267-5713** |
|---|---|---|

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30.  The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference.  Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above.  You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference.  Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946.  This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause.  I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 07/18/2008.

By _____

Deputy Clerk

1   Jack R. Nelson (SBN 111863)
    Theodore T. Ting (SBN 191163)
2   Keith D. Yandell (SBN 233416)
    REED SMITH LLP
3   1999 Harrison Street, Suite 2400
    Oakland, CA 94612-3572

4
    **Mailing Address:**
5   P.O. Box 2084
    Oakland, CA 94604-2084

6
    Telephone:    +1 510 763 2000
7   Facsimile:    +1 510 273 8832

8   Attorneys for Defendant Wachovia Mortgage, FSB

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR THE COUNTY OF ALAMEDA

11

12
    JOSE JESUS GARCIA, an individual, and          Case No. HG08398371
13  CARMEN GARCIA, an individual,                  ASSIGNED FOR ALL PURPOSES TO
                                                   Judge Ronni MacLaren
14                 Plaintiffs,                      Department 301

15         vs.                                     **ANSWER TO UNVERIFIED COMPLAINT**

16  WACHOVIA, entity unknown, and DOES 1           Compl. Filed:     July 16, 2007
    through 20,
17
                   Defendant.
18

19         Defendant Wachovia Mortgage, FSB ("Wachovia"), formerly known as "World Savings

20  Bank, FSB" and erroneously sued as "Wachovia," answers the unverified complaint of Plaintiffs

21  Jose and Carmen Garcia ("Plaintiff"), as follows:

22

23                               **GENERAL DENIAL**

24         Pursuant to California Civil Procedure Code section 431.30, Wachovia generally denies each

25  and every allegation of the Complaint. Wachovia further denies that Plaintiff is entitled to any relief

26  against it, and denies that Plaintiff has been damaged in the nature alleged or in any other manner, or

27  at all. Further, Wachovia denies that Plaintiff has sustained any injury, damage, or loss by reason of

28

DOCSOAK-9915304

Answer to Unverified Complaint

1  any conduct, action, error, or omission on the part of Wachovia and/or World, or any agent,

2  employee or any other person acting under Wachovia's and/or World's authority or control.

3  ## DEFENSES

4  ### FIRST AFFIRMATIVE DEFENSE

5  **(Failure to State a Cause of Action)**

6  1.     As a first, separate, and distinct defense, Wachovia alleges that the complaint fails to

7  state facts sufficient to constitute a cause of action upon which relief may be granted as against

8  Wachovia and/or World.

9  ### SECOND AFFIRMATIVE DEFENSE

10  **(Statutes of Limitation)**

11  2.     As a second, separate, and distinct defense, Wachovia alleges that the complaint and

12  each cause of action contained therein that is directed at Wachovia is barred by the applicable

13  statutes of limitation.

14  ### THIRD AFFIRMATIVE DEFENSE

15  **(Damages Barred by Contract)**

16  3.     As a third, separate, and distinct defense, Wachovia alleges that Plaintiffs are barred

17  and/or limited by contract from seeking from Wachovia the damages that Plaintiffs alleges in their

18  complaint.

19  ### FOURTH AFFIRMATIVE DEFENSE

20  **(Absence of Duty)**

21  4.     As a fourth, separate, and distinct defense, Wachovia alleges that it owed Plaintiff no

22  duty, sounding in either contract or tort, during the period relevant to Plaintiffs' complaint, or at any

23  time, upon which any claim against Wachovia can be based.

24  ### FIFTH AFFIRMATIVE DEFENSE

25  **(Conduct Was Reasonable)**

26  5.     As a fifth, separate, and distinct defense, Wachovia alleges that Plaintiff is barred

27  from any recovery because Wachovia acted reasonably and in good faith at all times material herein

28  based on relevant facts and circumstances known to Wachovia at the time Wachovia so acted.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Lack of Causation)

3        6.      As a sixth, separate, and distinct defense, Wachovia alleges that Plaintiffs' complaint,

4    and all purported causes of action contained therein, are barred in whole or in part because the

5    alleged damage to Plaintiff was not proximately caused by the alleged wrongful acts of Wachovia.

6

## SEVENTH AFFIRMATIVE DEFENSE

7

### (Comparative Fault)

8        7.      As a seventh, separate, and distinct defense, Wachovia alleges that Plaintiffs' alleged

9    injuries were directly and proximately caused or contributed to by the negligence, carelessness, acts,

10   conduct, omissions, activities, recklessness and/or misconduct of or fault of Plaintiffs and/or their

11   agent(s), whose comparative negligence or fault is sufficient to bar these claims against Wachovia

12   and/or to eliminate or proportionately reduce Plaintiffs' entitlement to recovery, if any.

13

## EIGHTH AFFIRMATIVE DEFENSE

14

### (Estoppel)

15       8.      As an eighth, separate, and distinct defense, Wachovia avers that the complaint, and

16   each cause of action therein, is barred by waiver by Plaintiffs' and/or their agent(s) of the wrongs

17   and breaches alleged, and that Plaintiffs are estopped from complaining as to the actions and

18   liabilities set forth in the complaint.

19

## NINTH AFFIRMATIVE DEFENSE

20

### (Failure to Mitigate)

21       9.      As a ninth, separate, and distinct defense, Wachovia is informed and believes and

22   thereon alleges that Plaintiffs failed to mitigate their alleged damages as required by law.

23

## TENTH AFFIRMATIVE DEFENSE

24

### (Laches)

25       10.     As a tenth, separate, and distinct defense, Wachovia alleges that Plaintiffs' claims are

26   barred by the doctrine of laches.

27   / / / / /

28   / / / / /

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9915304

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3      11.    As an eleventh, separate, and distinct defense, Wachovia alleges that Plaintiffs'

4      claims are barred by the equitable doctrine of unclean hands.

5

## TWELFTH AFFIRMATIVE DEFENSE

6

### (Unjust Enrichment)

7      12.    As a twelfth, separate, and distinct defense, Wachovia alleges that Plaintiffs would be

8      unjustly enriched if allowed to recover on this complaint.

9

## THIRTEENTH AFFIRMATIVE DEFENSE

10

### (Public Policy)

11      13.    As a thirteenth, separate, and distinct defense, Wachovia alleges that Plaintiffs'

12      Complaint and each Claim for Relief stated therein is by California and federal public policy.

13

## FOURTEENTH AFFIRMATIVE DEFENSE

14

### (Accord and Satisfaction)

15      14.    As a fourteenth, separate, and distinct defense, Wachovia alleges that Plaintiffs'

16      Complaint is barred by the doctrine of accord and satisfaction.

17

## FIFTEENTH AFFIRMATIVE DEFENSE

18

### (No Damages)

19      15.    As a fifteenth, separate and distinct defense, Wachovia alleges that Plaintiffs did not

20      incur any damage or loss as a result of any act or conduct by Wachovia.

21

## SIXTEENTH AFFIRMATIVE DEFENSE

22

### (Damages are Speculative)

23      16.    As a sixteenth, separate, and distinct defense, Wachovia alleges that any damage or

24      loss incurred as a result of any act or conduct by Wachovia, which damages are specifically denied

25      herein, would be speculative and, thus, too uncertain for recovery.

26      / / / / /

27      / / / / /

28      / / / / /

DOCSOAK-9915304

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Justification and Privilege)

17.     As a seventeenth, separate, and distinct defense, Wachovia alleges that its acts and omissions as alleged in the complaint were justified and/or privileged.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (No Intent to Violate Law)

18.     As an eighteenth, separate, and distinct defense, Wachovia alleges, that with respect to the matters alleged in the complaint, that it acted without intention of any violation of all applicable laws, regulations, applicable official commentary and government and industry standards, and that if any such violation occurred it was the result of bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Compliance With Federal Law)

19.     As a nineteenth, separate, and distinct defense, Wachovia alleges that at all times relevant to the complaint, its conduct and activities were in good faith compliance with the applicable laws, regulations, rules and interpretations of the Federal Reserve Board and/or with interpretation or approval of a duly authorized official or employee of the Federal Reserve System, and thus cannot be deemed actionable or unlawful, unfair, fraudulent, deceptive, untrue or misleading.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Statute of Frauds)

20.     As a twentieth separate, and distinct defense, Wachovia alleges that the complaint, and each cause of action thereof, is wholly or partially barred by the applicable Statute of Frauds (to wit, Code of Civil Procedure Section 1971, and/or Civil Code Section 1624).

/ / / / /

/ / / / /

/ / / / /

/ / / / /

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DOCSOAK-9915304

1

## TWENTY-FIRST AFFIRMATIVE DEFENSE

2

### (Condition Precedent Not Satisfied)

3       21.     As a twenty-first, separate, and distinct defense, Wachovia alleges that certain

4    conditions precedent, which may have given rise to a duty to act or liability on the part of Wachovia

5    did not arise.

6

## TWENTY-SECOND AFFIRMATIVE DEFENSE

7

### (No Liability for Third Party Conduct)

8       22.     As a twenty-second, separate, and distinct defense, Wachovia alleges that plaintiff is

9    precluded from alleging that Wachovia and/or World is responsible for the actions and/or statements

10   of third parties who were the agent(s) of Plaintiffs, or from alleging that the actions and/or

11   statements of such agent(s) may or can be imputed to Wachovia.

12

## TWENTY-THIRD AFFIRMATIVE DEFENSE

13

### (No Right to Damages)

14      23.     As a twenty-third, separate, and distinct defense, Wachovia alleges that Plaintiffs

15   have failed to establish any right to actual damages in any amount.

16

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

17

### (No Right to Rescission)

18      24.     As a twenty-fourth, separate, and distinct defense, Wachovia alleges that Plaintiffs

19   have failed to meet the applicable conditions precedent to exercise any claimed right to rescind, and

20   thus cannot seek to rescind, the loan contract alleged in the complaint.

21

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

22

### (No Right to Reformation)

23      25.     As a twenty-fifth, separate, and distinct defense, Wachovia alleges that Plaintiffs have

24   failed to allege facts sufficient to state a claim for reformation of the contract at issue and/or that

25   Plaintiffs are not entitled to reformation of the contract.

26   / / / / /

27   / / / / /

28   / / / / /

DOCSOAK-9915304

Answer to Unverified Complaint

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Disclosures Properly Made)

26.    As a twenty-sixth, separate, and distinct defense, Wachovia alleges that all disclosures required by law or regulation were made to Plaintiffs with respect to the loan transaction referenced in the complaint, and that as a result Plaintiffs have no right to relief against Wachovia of any kind or nature.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Permissible Discrepancies)

27.    As a twenty-seventh, separate, and distinct defense, Wachovia alleges that, if any discrepancies exist between requisite disclosure(s) and actual term(s) of any loan to Plaintiffs, such discrepancies are within tolerance limits set by applicable law, including, but no limited to, those set forth in the Code of Federal Regulations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Preemption)

28.    As a twenty-eighth, separate, and distinct defense, Wachovia alleges that the federal Truth In Lending Act, 15 USC Section 1602 *et. seq.* (TILA), the amendments to TILA in the federal Home Owner Equity Protection Act, 15 USC Section 1635, *et. seq.* (HOEPA) and 12 CFR 560.2 preempt Plaintiffs' Causes of Action against Wachovia.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Parties)

29.    As a twenty-ninth, separate, and distinct defense, Wachovia asserts that Plaintiffs have failed to join all parties necessary to this action including Plaintiffs' mortgage broker.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Set Off)

30.    As thirtieth, separate, and distinct defense, Wachovia alleges that any amount Plaintiffs seek to recover is offset by the amount Plaintiffs' owe Wachovia.

/ / / / /

/ / / / /

DOCSOAK-9915304

1

## THIRTY-FIRST AFFIRMATIVE DEFENSE

2

### (No Basis for Punitive Damages)

3      31.     As a thirty-first, separate, and distinct defense, Wachovia alleges that California Civil

4   Code Section 3294, under which Plaintiffs' claim to punitive damages is apparently made, if

5   applicable to this action, is invalid on its face or as applied to Wachovia pursuant to Article I,

6   Section 10, Article IV, Section 2 and the First, Fifth, Sixth, Eighth and Fourteenth Amendments to

7   the Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV Section

8   16 of the California Constitution.

9

## THIRTY-SECOND AFFIRMATIVE DEFENSE

10

### (Punitive Damages Unconstitutional)

11     32.     As a thirty-second, separate, and distinct defense, if it is determined that Plaintiffs

12   have or may be permitted to assert claims for punitive damages, the application of claims for

13   punitive damages would constitute a violation of Wachovia's constitutional rights pursuant to Article

14   I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments

15   to the Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV,

16   Section 16 of the California Constitution.

17

## THIRTY-THIRD AFFIRMATIVE DEFENSE

18

### (Absence of Malice, Fraud, or Oppression)

19     33.     As a thirty-third, separate, and distinct defense, Wachovia alleges that Plaintiffs'

20   claims for punitive damages are barred because Wachovia's conduct did not rise to the level of

21   malice, fraud or oppression.

22     34.     Wachovia also reserves the right to assert other defenses as may become available or

23   apparent during the course of discovery or other proceedings.

24   / / / / /

25   / / / / /

26   / / / / /

27   / / / / /

28   / / / / /

DOCSOAK-9915304

Answer to Unverified Complaint

WHEREFORE, Wachovia demands judgment in its favor, the dismissal of Plaintiffs'

complaint as to Wachovia and World, costs of suit and attorneys' fees and all other relief that this

Court may deem just and proper.

DATED:  August 20, 2008.

REED SMITH LLP

By_____
Theodore T. Ting
Attorneys for Defendants
Wachovia Mortgage, FSB

Answer to Unverified Complaint

DOCSOAK-9915304

1

## PROOF OF SERVICE

2    I am a resident of the State of California, over the age of eighteen years, and not a

3    party to the within action. My business address is REED SMITH LLP, 1999 Harrison Street, Suite

4    2400, Oakland, CA 94612-3572. On August 20, 2008, I served the following document(s) by the

5    method indicated below:

### ANSWER TO UNVERIFIED COMPLAINT

6

7    ☐    by transmitting via facsimile on this date from fax number +1 510 273 8832 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is

8    attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting

9    fax machine complies with Cal.R.Ct 2003(3).

10   ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Oakland, California addressed as set forth below. I am

11   readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same

12   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or

13   postage meter date is more than one day after the date of deposit for mailing in this Declaration.

14

15   ☐    by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

16

17   ☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

18   ☐    by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of

19   consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

20

☐    by transmitting via email to the parties at the email addresses listed below:

21

Mogeeb Weiss                              *Counsel for Plaintiffs*
22   WEISS LLP
     799 Fletcher Lane, Suite 202
23   Hayward, CA 94544
     Telephone:    (510) 581-1857
24   Facsimile:    (510) 581-4892
     mweiss@wslawgroup.com

25

I declare under penalty of perjury under the laws of the State of California that the above is true and
26   correct. Executed on August 20, 2008, at Oakland, California

27

28                                        David P. Kelley

─ 10 ─                                          DOCSOAK-9915304

REED SMITH LLP
A limited liability partnership formed in the State of Delaware